## CAUGHMAN v. UNITED STATES.

### (Circuit Court of Appeals, Fourth Circuit.   April 1, 1919.)

### No. 1664.

1. WITNESSES ⊂⊃414(1)—PROSECUTIONS UNDER ESPIONAGE ACT—CREDIBILITY OF ACCUSED—CORROBORATION—ADMISSIBILITY.

   In a prosecution for violating Espionage Act June 15, 1917, wherein defendant asserted that he had always been a loyal citizen, and that he had tendered his services to the government in the war before charges were brought against him, it was error to exclude evidence as to whether he had received an acknowledgment from the government for offering his services, and whether he had it with him; the case turning on defendant's credibility.

2. CRIMINAL LAW ⊂⊃338(1)—PROSECUTIONS FOR VIOLATING ESPIONAGE ACT —EVIDENCE—ADMISSIBILITY.

   In a prosecution for violating Espionage Act June 15, 1917, testimony by a witness that he had been asked by the commissioner at the preliminary examination, if what he knew was not practically the same as that testified to by another witness, and that he responded in the affirmative, and that such evidence was true, was inadmissible, being irrelevant and collateral.

3. CRIMINAL LAW ⊂⊃778(5) — INSTRUCTIONS — ESPIONAGE ACT — BURDEN OF PROOF—PRESUMPTION OF INNOCENCE.

   In a prosecution for violating Espionage Act June 15, 1917, an instruction, at the close of an extended charge, that a man "comes in clothed with the presumption of innocence, and that presumption continues until, in the opinion of the jury, the evidence is sufficient to show that he is guilty beyond a reasonable doubt, and from that time the burden is on him to establish his innocence," was misleading and prejudicial; the burden always being on the prosecution.

In Error to the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. Middleton Smith, Judge.

Joseph M. Caughman was convicted of violating Espionage Act June 15, 1917, and he brings error.   Reversed.

George B. Timmerman and G. T. Graham, both of Lexington, S. C. (Timmerman, Graham & Callison, of Lexington, S. C., on the brief), for plaintiff in error.

J. Waties Waring, Asst. U. S. Atty., of Charleston, S. C. (Francis H. Weston, U. S. Atty., of Columbia, S. C., on the brief), for the United States.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

KNAPP, Circuit Judge.   The indictment on which plaintiff in error, herein called defendant, was tried contains six counts, each charging a violation at Lexington, S. C., of the Act of Congress approved June 15, 1917 (40 Stat. 217, c. 30), commonly known as the Espionage Act.   There was a general verdict of guilty, with recommendation to mercy, and the case comes here on writ of error.

As the testimony in support of the several counts was clearly sufficient for submission to the jury, we pass by the assignments of error

---

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

based on refusal to direct a verdict for defendant, and take up for brief discussion certain other rulings of the trial court which are made the subject of exception.

Testifying in his own behalf the defendant stoutly denied the treasonable utterances imputed to him by the government's witnesses, and asserted that he had always been a loyal citizen. In proof of this he stated that he had volunteered and served in the army during the Spanish-American war, that he had purchased a Liberty Bond and made contributions to the Red Cross, and that he had tendered his services to the government in the present war before these charges were brought against him. In connection with the latter statement the record shows:

"Q. Did you get any acknowledgment from the government for offering your services? A. Yes, sir. Q. Have you got it with you? A. Yes, sir— which questions were ruled out by the court, to which the defendant then and there excepted."

[1] We think this evidence was improperly excluded. The case turned on defendant's credibility. This was emphasized by the learned judge in his charge to the jury, when he said:

"But you have a right to consider the fact that he is on trial, and that his testimony tends to acquit; and just as you have a right to consider animosity is a human weakness, which may sway a witness, so, more strongly for you, you have a right to consider the credibility of the defendant, Caughman, that the desire to escape conviction and punishment may sway his testimony; it does not prevent you from believing him, but you have a right to consider it in estimating his credibility."

In short, the defendant was refused opportunity to prove conclusively, as he could have done, the truthfulness of an important statement made by him, bearing directly on the question of his loyalty, and the jury were in effect told that they might disbelieve everything he said. Taking into account the nature of the accusation against him, and the difficulty of meeting it except by his own denials, we are constrained to hold that the ruling here considered was erroneous and prejudicial.

[2] It appears that defendant had a preliminary examination before a commissioner, at which one Sawyer testified to certain disloyal declarations made by him at a time and place named. Taylor, another witness for the government, was present and heard Sawyer's evidence. At the trial in the court below, and after the close of defendant's testimony, Taylor was recalled and permitted, over objection, to answer questions as follows:

"Q. Did not the commissioner ask you what you knew about the case, or words to that effect, and what was your reply? A. You asked me, Mr. Weston, if what I knew in the case was practically the same as had been testified to by Mr. Sawyer and his brother. I said, 'Yes, sir,' and Mr. Sloan asked if that was true. Q. And you said 'Yes'? A. Yes, sir."

The record indicates that these questions were allowed because witnesses for defendant had testified that Taylor was not present at the preliminary; but this appears to have been a mistake, as no such testimony is found in the bill of exceptions. However that may be,

we are aware of no rule of evidence which justified the inquiry. It clearly should have been excluded. The error was doubtless inadvertent, and of itself can hardly be regarded as serious; but it served to introduce at the last moment a purely collateral and irrelevant matter, which in the circumstances was liable to improperly affect the jury.

At the close of a somewhat extended charge, which did not in terms include the rule of presumption of innocence, the learned judge was asked "to charge the jury the rule that when a man comes into court he comes in presumed to be innocent." To this request the following reply was made:

"I shall charge them that the Supreme Court says that a man comes in clothed with a presumption of innocence, and that presumption continues until in the opinion of the jury the evidence is sufficient to show that he is guilty beyond a reasonable doubt, and from that time the burden is on him to establish his innocence."

[3] We cannot doubt that the concluding clause of this instruction, the last word from the court to the jury, was seriously misleading and prejudicial. It is clearly at variance, in our opinion, with the rule laid down in the familiar cases of Coffin v. United States, 156 U. S. 432, 458, 15 Sup. Ct. 394, 39 L. Ed. 481, and Cochran v. United States, 157 U. S. 286, 299, 15 Sup. Ct. 628, 39 L. Ed. 704, and frequently since repeated. For example, in Davis v. United States, 160 U. S. 469, 487, 16 Sup. Ct. 353, 358 (40 L. Ed. 499), the Supreme Court says:

"Strictly speaking, the burden of proof, as those words are understood in criminal law, is never upon the accused to establish his innocence, or to disprove the facts necessary to establish the crime for which he is indicted. It is on the prosecution from the beginning to the end of the trial, and applies to every element necessary to constitute the crime."

The point needs no discussion. In the light of the cited cases it seems plain that the instruction under review gave to the jury an erroneous impression as to the continuing presumption of innocence, which, as said in Coffin v. United States, supra, "is an instrument of proof created by the law in favor of one accused."

Of the remaining assignments of error it is sufficient to say, without taking them up in detail, that careful examination discloses no grounds for reversing the judgment. On the whole case, however, and specially for the reasons above stated, we are led to the conclusion that the defendant is entitled to a new trial.

Reversed.